NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NATIONAL FIRE INSURANCE COMPANY OF HARTFORD A/S/O NPGS II and ZEBRA HOLDINGS, <br><br>Plaintiff, <br><br>v. <br><br>UNIVERSAL JANITORIAL SUPPLY CORPORATION; AND ALL-PRO MAINTENANCE, INC., <br><br>Defendants. | Civ. No. 05-5945 (AET) <br><br>**MEMORANDUM & ORDER** |

THOMPSON, U.S.D.J

This matter is before the Court on (1) Defendants' Motion to Dismiss Plaintiff's Complaint and (2) Plaintiff's Cross-Motion to Dismiss Defendants' Counterclaim and Third Party Complaint against Moishe Beck a/k/a Mitchell Beck. The Court has decided this motion after reviewing the submissions of the parties. Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. For the following reasons, Defendants' motion is denied and Plaintiff's motion is granted.

BACKGROUND

Non-Profit Grocery Store ("NPGS") is located within the shopping center at 231 Main Street in Lakewood, New Jersey, and is owned by NPGS II and Zebra Holdings. Both NPGS II and Zebra Holdings have their principal place of business in Lakewood, New Jersey. NPGS is

insured by Plaintiff National Fire Insurance Company of Hartford ("National Fire"), which is incorporated in Connecticut and has its principal place of business in Chicago, Illinois. Defendants All-Pro Maintenance, Inc. ("All-Pro"), and Universal Janitorial Supply Corporation ("Universal Janitorial"), provided maintenance and cleaning services for NPGS. Defendants' principal place of business is located at 143 France Street in Toms River, New Jersey.

On June 4, 2004, a fire originated inside NPGS, causing substantial damage not only to NPGS, but also to Yolanda Convenience Deli, located next door in the same shopping center. As a result of the damage caused by the fire, Plaintiff made payments to NPGS II and Zebra Holdings in excess of four million dollars. During an interview conducted by the investigators of the fire, Arne Kjems, an employee of the Defendants All-Pro and Universal Janitorial, admitted to smoking in the bathroom and placing a cigarette butt into a cardboard trash receptacle shortly before the fire. Because of the interview conducted by the investigators, Plaintiff maintains that Mr. Kjems caused the fire inside the store.

On October 3, 2005, Hector Santos, owner of Yolanda Convenience Deli, filed an action in the Superior Court of New Jersey against Defendant All-Pro ("the Superior Court action") to recover damages resulting from the fire. Defendants claim that pre-trial investigation in the Superior Court action has revealed that Mr. Kjems may not have caused the fire. Rather, Moishe Beck, an employee of NPGS, may have started the fire by discarding a cigarette inside the premises.

On December 27, 2005, Plaintiff National Fire, as subrogee of its insureds, instituted this negligence action against Defendants All-Pro and Universal Janitorial to recover the amounts it was required to pay NPGS II and Zebra Holdings as a result of the fire. On January 30, 2006,

Defendants filed their answer, along with a counterclaim against NPGS II and Zebra Holdings, and a third party complaint naming Mr. Beck as a third party defendant. Defendants also moved to dismiss Plaintiff's complaint for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). On February 9, 2006, Plaintiff subsequently filed a motion to dismiss Defendants' counterclaim and third party complaint.

DISCUSSION

A. Defendants' Motion to Dismiss Plaintiff's Complaint

    1. Standard for Motions to Dismiss for Lack of Subject Matter Jurisdiction

Generally, this Court's subject matter jurisdiction may be exercised in cases concerning a question of federal law (federal question jurisdiction), or cases involving complete diversity between all plaintiffs and all defendants, where there is an amount in controversy exceeding $75,000 (diversity jurisdiction). See 28 U.S.C. §§ 1331, 1332. The party invoking jurisdiction bears the burden of establishing that such jurisdiction exists. McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936).

    2. Diversity Jurisdiction

Defendants argue that Plaintiff's complaint must be dismissed for lack of subject matter jurisdiction. In determining the citizenship of a corporate party, "a corporation is deemed to be a citizen of both any state by which it is incorporated and where it has a principal place of business." 28 U.S.C. § 1332(c)(1). Plaintiff asserts that the complaint satisfies subject matter jurisdiction for diversity of citizenship. Plaintiff National Fire, is incorporated in the state of Connecticut and maintains a principal place of business in Chicago, Illinois, while Defendants All-Pro and Universal Janitorial, are incorporated and share a principal place of business in the

state of New Jersey. Plaintiff seeks reimbursement damages exceeding four million dollars. Because the citizenship of the two parties are diverse, and the amount in controversy exceeds $75,000, Plaintiff maintains that subject matter jurisdiction based on diversity of citizenship is satisfied.

However, Defendants claim that complete diversity does not exist between Plaintiff and Defendants because NPGS II and Zebra Holdings are parties to this litigation as real parties in interest and Plaintiff is suing as a subrogee. In the context of insurance subrogation cases, insurers who become subrogees of the rights of the insureds by the payment of claims are real parties in interest who may, in accordance with Rule 17(a) of the Federal Rules of Civil Procedure, prosecute actions to recover the amount of each claim in their own names. <u>United States v. Aetna Cas. & Sur. Co.</u>, 338 U.S. 366, 380 (1949). Therefore, if a subrogee has paid an entire loss suffered by an insured, it is the only real party in interest and the only party that may sue in its own name. <u>Id.</u> at 380-81. In cases of partial subrogation, both the subrogor and subrogee are real parties in interest under Rule 17, and have substantive rights. In such cases, either party may sue in their own name. Fed. R. Civ. P. 17(a). However, a subrogor that is a real party in interest in cases of partial subrogation is not necessarily a party to the complaint. In the present case, NPGS II and Zebra Holdings are real parties in interest, but are not parties to the present complaint.

Defendants also claim that Plaintiff is attempting to manufacture diversity. Section 1359 of Title 28 of the U.S. Code prohibits the manufacturing of diversity. Defendants contend that Plaintiff may not file this diversity action in federal court because its insureds, NPGS II and Zebra Holdings, would lack the diversity of citizenship to pursue the Defendants in federal court.

Defendants reason that since Plaintiff stands in the shoes of NPGS II and Zebra Holdings, it is confined to the same jurisdictional limitations. As discussed above, Plaintiff is a real party in interest in its own right. Because Plaintiff National Fire has dual citizenship in Connecticut and Illinois, and all Defendants are citizens of New Jersey, there is diversity. Therefore, Plaintiff National Fire may bring this action on its own behalf in federal court.

Additionally, where the subrogor, or the subrogee, brings suit alone, joinder may be appropriate upon a proper motion by the defendant. Va. Elec. & Power Co. v. Westinghouse Elec. Corp., 485 F.2d 78, 84 (4th Cir. 1973). Joinder for the purposes of destroying diversity jurisdiction, however, is probably not appropriate, and is certainly not required by Rule 17. Id.

    3.    The Colorado River Doctrine

Defendants argue in the alternative that even if the complaint is not dismissed under Fed. R. Civ. P. 12(b), that this Court should relinquish jurisdiction to a concurrent parallel state proceeding and abstain under Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976). The Supreme Court in Colorado River recognized that under truly exceptional circumstances, federal courts may abstain out of deference to pending state court proceedings. Id. at 818. The Supreme Court identified the factors that a federal court should consider when determining when to abstain under Colorado River, including: (1) the problems that occur when a state and federal court assume jurisdiction over the same res; (2) the relative inconvenience of the federal forum; (3) the need to avoid piecemeal litigation; (4) the order in which the state and federal proceedings were filed; (5) whether federal or state law controls; and (6) whether the state court will adequately protect the interests of the parties. Id.

Defendants maintain that this Court should defer jurisdiction under Colorado River to the

Superior Court of New Jersey because the action brought by Mr. Santos was filed first in time. Defendants also claim that numerous difficulties would result from this Court adjudicating this matter, such as duplicative discovery efforts, scheduling conflicts, and a risk that inconsistent determinations as to liability may be reached.

However, Plaintiff argues that the two actions are not in fact parallel. In discussing whether two cases arising out of the same subject matter are parallel, the Third Circuit Court of Appeals warned that "[t]here is some question whether, in the absence of identical plaintiffs, two cases can be deemed parallel for Colorado River purposes." Ryan v. Johnson, 115 F.3d 193, 196 n.1 (3d Cir. 1997). The plaintiffs in the current action and the Superior Court action are different. Neither plaintiff is a party to both actions. Additionally, while both Universal Janitorial and All-Pro are defendants in this action, only All-Pro is named a defendant in the Superior Court action. As a result, the cases are not parallel and Colorado River is inapplicable.

Even assuming that this litigation is parallel to the Superior Court action, abstention under Colorado River is not justified. District courts have a virtually unflagging obligation to exercise jurisdiction and, therefore, a federal court usually may not abstain simply because of parallel proceedings in state court. Colorado River, 424 U.S. at 817. The Court in Colorado River stated that "[g]enerally . . . the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." Id. at 817. The Court recognized that only under truly exceptional circumstances may federal courts abstain out of deference to pending state court proceedings. Id. at 818. It is inappropriate for this Court to abstain under Colorado River. The "exceptional circumstances" needed to invoke the doctrine are not seen in this case.

B.    Plaintiff National Fire's Cross-Motion to Dismiss Defendants' Counterclaim and Third Party Complaint

1.    The Counterclaim against NPGS II and Zebra Holdings

Plaintiff National Fire moves to dismiss Defendants' counterclaim against NPGS II and Zebra Holdings. Plaintiff asserts that neither NPGS II nor Zebra Holdings are parties to this litigation. Defendants argue however, that both NPGS II and Zebra Holdings are real parties in interest, and therefore are parties to the litigation. As discussed above, whether NPGS II and Zebra Holdings are real parties in interest depends on whether Plaintiff has covered all of the insureds' fire-related damages. However, a subrogor who is a real party in interest in cases of partial subrogation, is not necessarily a party to the complaint. NPGS II and Zebra Holdings are not parties to this complaint.

Because NPGS II and Zebra Holdings are not parties to this complaint, Defendants may not file a counterclaim against these entities. Rule 13(g) of the Federal Rules of Civil Procedure only permits a party to file a counterclaim against a co-party. Fed. R. Civ. P. 13. Defendants may not bring a counterclaim against NPGS II and Zebra Holdings because they are not co-parties to this action. Additionally, Defendants maintain that even if NPGS II and Zebra Holdings are not parties to the litigation, Plaintiff National Fire may not bring a motion to dismiss the counterclaim at this time. Defendants argue that such a motion could only be brought by the party against whom the claim is asserted. However, this logic is flawed, as neither NPGS II and Zebra Holdings are parties to the litigation, and Defendants' counterclaim is not proper under Fed. R. Civ. P. 13.

        2.    <u>The Third Party Complaint against Moishe Beck</u>

        Plaintiff National Fire also moves to dismiss Defendants' third party complaint against Moishe Beck. In the third party complaint, Defendants contend that Mr. Beck negligently, recklessly, or intentionally caused the fire which is the subject of this litigation. However, the contention that Mr. Beck is solely responsible for causing the fire is not a proper basis for a third party complaint. Defendants impleaded Moishe Beck under Fed. R. Civ. P. 14. This rule allows third party complaints to be served by a defendant/third party plaintiff upon "a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff." Fed R. Civ. P. 14. In other words, a third party complaint may not set forth a claim of the third party defendant's liability to the plaintiff. It must set forth a claim of secondary liability such that, if the third party plaintiff is found liable, the third party defendant will be liable to the defendant/third party plaintiff under a theory of indemnification, contribution, or some other theory of derivative liability. <u>Toberman v. Copas</u>, 800 F. Supp. 1239, 1242 (M.D. Pa. 1992). A third party complaint based on the theory that another party is the correct defendant is not appropriate. <u>Owen Equip. & Erection Co. v. Kroger</u>, 437 U.S. 365, 368 n.3 (1978) (stating that a third party defendant may not be impleaded merely because he may be liable to the plaintiff).

        Lastly, Defendants claim that even if the third party complaint is improper, Plaintiff may not move to dismiss the complaint. However, a court may, sua sponte, dismiss the complaint where the inadequacy of the complaint is clear. See <u>Bryson v. Brand Insulations, Inc.</u>, 621 F.2d 556, 559 (3d Cir. 1980).

CONCLUSION

For the foregoing reasons, and for good cause shown,

IT IS on this 6th day of April, 2006,

ORDERED that Defendants' Motion to Dismiss [7] Plaintiff's Complaint is DENIED; and it is further

ORDERED that Plaintiff's Cross-Motion to Dismiss [13] Defendants' Counterclaim and Third Party Complaint against Moishe Beck a/k/a Mitchell Beck is GRANTED.

                                                       s/ Anne E. Thompson
                                              ANNE E. THOMPSON, U.S.D.J.